UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL CASE NO. 3:06CV-208-H

AL APPEL                                                                                                     PLAINTIFF

V.

PACCAR, INC.
and JIM CHESTER                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Al Appel ("Appel"), was an employee of Defendant PACCAR ("PACCAR"). Defendant, Jim Chester ("Chester"), was a PACCAR plant manager in Louisville during the same time period. Chester was Appel's immediate supervisor. Appel's complaint alleges six separate causes of action against PACCAR: breach of contract, promissory estoppel, fraud, intentional infliction of emotional distress, retaliation under the Kentucky Civil Rights law and discrimination under Kentucky Civil Rights law. On the last three of these claims Appel includes Chester as a defendant. Chester's status as a Kentucky resident destroys the diversity of citizenship necessary for federal jurisdiction under 28 U.S.C. § 1332. Nevertheless, Defendant removed to federal court on the grounds that Chester was fraudulently joined solely for the purposes of destroying diversity. Plaintiff has now moved to remand and has also asked for costs.

Fraudulent joinder controversies are difficult because one of the reasons for asserting individual claims may, in fact, involve a legitimate desire to avoid federal jurisdiction. Indeed,

such a motive is not improper so long as it is not the sole reason for asserting an individual claim and so long as the complaint presents a colorable state claim against the non-diverse party. The Court has considered these issues on a number of previous occasions. *See Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F.Supp.2d 694 (W.D. Ky. 2000); and *Underhill v. Caudill*, 186 F.Supp.2d 736 (W.D. Ky. 2001). Those cases provide a starting point for this inquiry.

I.

Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *accord Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (noting that "fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity"). Defendants have the burden of showing fraudulent joinder. *Jerome-Duncan, Inc. v. Auto-By-Tel, Inc.*, 176 F.3d 904, 908 (6th Cir. 1999); *Sprowls*, 119 F.Supp. at 697. This Court must determine whether Appel has at least one colorable cause of action against Chester. *Id.* (citing *Alexander*, 13 F.3d at 949). A colorable basis exists if there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander,* 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172, 176 (5th Cir. 1968)).

If there is a colorable basis for predicting that a plaintiff could recover against the non-diverse defendant, the Court must remand the action to state court. *Boladian v. UMG Recordings, Inc.*, 123 Fed. Appx. 165, 168, No. 03-2148 (6th Cir. Jan. 3, 2005). In making this determination, the Court must resolve all doubts regarding questions of fact and propriety of removal in favor of the non-removing party. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493

(6th Cir. 1999). Nevertheless, a court may to some extent look beyond the bare allegations of a complaint and conduct a more searching inquiry to confirm the existence of a colorable claim. *See, e.g., Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

II.

Appel's three claims against Chester, the crucial non-diverse party, each present a different analytic challenge. The first claim presents a purely legal issue. The latter two require an assessment of whether the factual allegations of the complaint state a colorable claim against the non-diverse party. In addressing such issues, the most sensitive question is how detailed an analysis may a court invoke in order to determine whether a particular claim is sufficient to destroy diversity. The Court will consider each in turn.

A.

First, Appel asserts a discrimination claim under the Kentucky Civil Rights Act against both PACCAR and Chester. However, the Sixth Circuit has determined that individual liability under KRS 344.280(1) only exists under the anti-retaliation provisions of that act. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000) (citing *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)). Consequently, the Court can say with certainty that Appel has no colorable discrimination claim against an individual defendant in this case.

B.

Next, Appel asserts that a claim of intentional infliction of emotional distress against PACCAR and Chester. To prevail on a claim of intentional infliction of emotional distress or outrage under Kentucky law, Appel must prove four elements: (1) conduct that it is intentional or reckless; (2) conduct that is outrageous and intolerable and that it offends generally accepted

3

standards of decency and morality; (3) a causal connection between that conduct and emotional distress; and (4) emotional distress that is severe. *Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky. 1999). *Also see Kroger Co. v. Willgruber*, 920 S.W.2d 61 (Ky. 1996) and *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1 (Ky. 1990).

In our case, Appel appears to allege the following actions by Chester to support his outrage claim: (1) told a Human Resources representative that Appel complained about her (the Human Resources representative) and disliked her supervisor; (2) accused Appel of setting Chester up for failure when Plaintiff implemented a team leader's shift change; (3) failed to tell Appel that (Chester) had given a supervisor a raise; (4) told Appel that he would not receive a merit increase because of his compensation ratio and performance problems reflected in a review prior to Chester beginning working at PACCAR; (5) did not tell Appel that he hired a new Assistant Plant Manager; (6) did not reply to a meeting notice that Appel sent to him and advised Appel that his recent performance reviews showed that he had not accomplished anything; (7) questioned Appel's decisions to allow a supervisor to work a modified shift and to write up an entire department; (8) gave Appel the choice between resignation and being placed on a Performance Improvement Plan; (9) told Appel that he would not survive the Performance Improvement Plan, that Chester would watch Appel "go up in flames" and would make sure that Appel did not survive; (10) questioned whether Appel made a decision regarding resignation and asked him for a doctor's excuse when Appel asked for some time off work.

The Court could reach some unflattering conclusions about such conduct. However, the standard for an outrage claim is quite high. The conduct alleged here falls far short of that which might remotely support a claim of intentional infliction of emotional distress or outrage under

4

Kentucky law. None of the conduct involved direct physical action or physical threats. None of the comments involved derogatory language directed at Appel's race or gender. Even though discovery remains, it is unlikely to change the basic character of the acts charged. Even resolving all factual doubts in Appel's favor, the alleged conduct does not suggest anything beyond the bounds of human decency or utterly intolerable in a civilized society. *See Morris,* 201 F.3d at 795. The Court must conclude that Plaintiff can make no colorable claim for intentional infliction of emotional distress against Chester or PACCAR, for that matter.

C.

Appel's final claim against Chester is for retaliation under the Kentucky Civil Rights Act. To establish a cause of action for unlawful retaliation under Kentucky law, Appel must show that (1) he is engaged in a protected activity; (2) that activity was known by Defendant; (3) that Defendant took an employment action adverse to him and (4) that there was a causal connection between the protected activity and the adverse employment action. *Brooks v. Lexington-Fayette Urban County Housing Authority*, 132 S.W.3d 790, 803 (Ky. 2004). Chester argues that because Appel cannot establish that Chester knew of the protected activity prior to any alleged adverse employment action, Appel's retaliation claim cannot stand.

Defendants say that Plaintiff has no direct evidence that Chester knew of Appel's protected activity. They say that Appel's only evidence is that he informed other agents of PACCAR, but not Chester. Therefore, Defendants say that Appel simply cannot prove the case against Chester based on circumstantial evidence. It may well be true that when all discovery is completed, Appel cannot make a case against Chester. However, it is not possible to say that at this early point in the litigation. First, circumstantial evidence could provide a basis for a

reasonable jury to infer Chester's knowledge of Appel's protected activity, depending upon the evidence. At this point, no discovery has determined what employees at PACCAR knew of the protected activity and with whom they may have discussed that information. Certainly, Appel has made sufficient allegations from which an appropriate cause of action may be discerned. Although subsequent discovery may completely disprove the claim, PACCAR and Chester have not met their burden of showing the absence of a colorable claim.

Because this Court determines that it should no longer retain jurisdiction, it will not actually dismiss the discrimination and outrage claim. That action will be left in the state court's hands. Like many other cases of this kind, this one presents some close questions. Therefore, the Court does not believe that it should exercise its discretion to award costs.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

IT IS FURTHER ORDERED that Plaintiff's request for costs is DENIED.

cc: Counsel of Record